UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DONALD BROWN, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| Vs. | ) Case No. 4:09CV1130 RWS |
| | ) |
| CAPITAL RESTORATION & PAINTING CO., | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

This matter is before me on plaintiffs' motions for summary judgment. Defendant opposed the first motion, but did not file an opposition to the second motion for summary judgment. Defendant's time for filing an opposition has expired. Because plaintiffs are entitled to judgment as a matter of law, the motions for summary judgment will be granted.

Plaintiffs bring this action under the Employee Retirement Income Security Act (ERISA), 29 U.S.C. § 1132, and the Labor Management Relations Act of 1947 (LMRA), 29 U.S.C. § 185, seeking to collect delinquent fringe benefit contributions owed to plaintiff funds by defendant. Plaintiffs seek unpaid contributions for the periods January 1, 2007 through December 31, 2008 and January 1, 2009 through December 21, 2009.

Background Facts

Defendant signed a collective bargaining agreement with Bricklayers Local No. 1, which is effective June 1, 2006 through May 31, 2011. The collective bargaining agreement requires defendant to make contributions to the Bricklayers Local Union No. 1 of Missouri Welfare Fund, Bricklayers Local No. 1 of Missouri Pension Trust, Bricklayers Union Local No. 1 of Missouri

Supplemental Pension Plan, Bricklayers and Trowel Trades International Pension Fund, Bricklayers Union Local No. 1 of Missouri Vacation Trust, Bricklayers Local Union No. 1 of Missouri Apprenticeship and Training Trust, the Mason Contractors Association, and the Masonry Institute of St. Louis on the basis of all hours worked by covered employees.  The collective bargaining agreement also requires defendant to remit union dues of its employees to Bricklayers Local No. 1.  These contributions and dues remittances are made by electronically purchasing fringe benefit stamps.  The collective bargaining agreement also requires defendant to submit weekly remittance reports and to pay liquidated damages of ten percent on all contributions delinquent for 30 days and an additional two percent per month thereafter that the contributions remain delinquent.  The collective bargaining agreement authorizes the Funds to collect reasonable attorneys' fees, expenses, and court costs due to defendant's delinquencies.  Finally, the collective bargaining agreement requires defendant to make its books and records available for inspection by the Funds as provided by the trust agreements so that the accuracy of defendant's reports can be determined.

A payroll audit was performed by an accounting firm for the period of January 1, 2007, through December 31, 2008.  The audit revealed that defendant failed to report and pay contributions on 6,429.5 hours and therefore owes a total of $101,424.32, consisting of $72,024.08 in contributions, $24,406.94 in liquidated damages for these unreported hours, and accounting costs of $4993.30 for the audit for the period of January 1, 2007 through December 31, 2008.  A second audit of defendant's records reflected that, for the period of January 1, 2009 through December 21, 2009, defendant owes $21,009.34 in contributions and liquidated damages

of $2,858,18.[1]  Plaintiffs therefore seek judgment in the total amount of $125,291.84.

## Discussion

The standards for summary judgment are well settled.  In determining whether summary judgment should issue, the Court views the facts and inferences from the facts in the light most favorable to the nonmoving party.  Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).  The moving party has the burden to establish both the absence of a genuine issue of material fact and that it is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).  Once the moving party has met this burden, the nonmoving party may not rest on the allegations in its pleadings but by affidavit or other evidence must set forth specific facts showing that a genuine issue of material fact exists.  Fed. R. Civ. P. 56(e).  At the summary judgment stage, I will not weigh the evidence and decide the truth of the matter, but rather I need only determine if there is a genuine issue for trial.  Anderson, 477 U.S. at 249.

Section 502(g)(2) of ERISA provides:

In any action under this subchapter by a fiduciary for or on behalf of a plan to enforce Section 1145 of this title in which a judgment in favor of the plan is awarded, the court shall award the plan -

    (A) the unpaid contributions,

    (B) interest on the unpaid contributions,

    (C) an amount equal to the greater of -
        (i) interest on the unpaid contributions,
            or
        (ii) liquidated damages provided for under the plan

---

[1] Defendant does not oppose the second motion for summary judgment based on the second audit.

>           in an amount not in excess of 20 percent (or such
>           higher percentage as may be permitted under
>           Federal or State law) of the amount determined by
>           the court under subparagraph (A),
>
>     (D) reasonable attorney's fees and costs of the action, to be paid by
>     the defendant, and
>
>     (E) such other legal or equitable relief as the court deems
>     appropriate.
>
> For purposes of this paragraph, interest on unpaid contributions shall be
> determined by using the rate provided under the plan, or, if none, the rate
> prescribed by Section 6621 of Title 26.

29 U.S.C. § 1132(g)(2).

In its opposition to the first summary judgment motion, defendant argues that genuine issues of material fact preclude summary judgment. However, the only evidence submitted in opposition to summary judgment is a two-page affidavit from Gary Sextro, defendant's president, who avers that defendant owes no delinquent contributions. But the only support offered by defendant for this claim is Sextro's averment that an unnamed, unidentified union employee told him that defendant had made overpayments. Sextro, who testifies that he is responsible for filing the benefit reports and paying the contributions, offers no documentary evidence to either support this hearsay statement or defendant's claim that no contributions are due. See Plamp v. Mitchell School Dist. No. 17-2, 565 F.3d 450, 460 (8th Cir. 2009) (hearsay evidence cannot defeat summary judgment); Mason v. Correctional Med. Servs., Inc., 559 F.3d 880, 885 (8th Cir. 2009) (same). The admissible, undisputed evidence in the record demonstrates that defendant owes the amounts sought by plaintiffs,[2] and defendant's conclusory allegations without factual support

---

[2]The evidence also demonstrates that plaintiffs provided Sextro with the audit reports, contrary to his allegations.

cannot defeat summary judgment.  See Weger v. City of Ladue, 500 F.3d 710, 728 (8th Cir. 2007) (holding that "unsupported, conclusory allegations . . . are insufficient to defeat a motion for summary judgment.").

Based on the undisputed evidence, I find that plaintiffs are entitled to summary judgment against defendant in the amount of $125,291.84, consisting of $72,024.08 in contributions, $24,406.94 in liquidated damages, and accounting costs of $4993.30 for the audit for the period of January 1, 2007 through December 31, 2008, and $21,009.34 in contributions and liquidated damages of $2,858,18  for the period of January 1, 2009 through December 21, 2009.

Accordingly,

IT IS HEREBY ORDERED that plaintiffs' motions for summary judgment [#11 and #23] are granted, and plaintiffs shall file their motion for attorney's fees and costs in accordance with local rules.  A proposed Judgment reflecting all amounts sought (including requested attorney's fees and costs) shall be filed with the motion for fees and costs.

                                          RODNEY W. SIPPEL
                                          UNITED STATES DISTRICT JUDGE

Dated this 1st day of July, 2010.